STATE ex rel. v. HARDISON et al.—167 S. W. (2d) 998.

Middle Section.   November 14, 1942.

Petition for Certiorari denied by Supreme Court, January 30, 1943.

T. B. Forgery and Hugh T. Shelton, both of Columbia, for plaintiff in error.

J. Shelby Coffey, Sr., and Thomas H. Peebles, Sr., both of Columbia, for defendants in error.

HOWELL, J.   The bill in this cause was filed on December 26, 1934, by the State of Tennessee, for the benefit of the heirs at law and next of kin of Jesse Howell, deceased, and seeks an accounting with J. H. Hardison, executor of the will of Jesse Howell, and a judgment against the executor and his bondsman, the American

Indemnity Company, for whatever sums the court may determine are due the heirs at law and next of kin.

The bill alleged that the executor had failed to file any inventory or report as provided by law and had carelessly and negligently handled the affairs of the estate, and the complainants insist that the executor by reason of his failure to properly manage the estate and by reason of his carelessness and negligence is liable to them and is not entitled to any compensation as such executor.

The executor filed an answer in which he admitted that no inventory had been filed and denied that he had been guilty of negligence, because he says that "very little property came into his hands other than the life insurance, and until the case of C. R. Galloway v. J. H. Hardison, executor, et als., was finally decided by the Supreme Court a few months ago, this defendant did not know to whom the funds were to be paid." The Bonding Company also filed an answer in which it denied that the executor or his surety was liable to the complainants.

The matter was referred to the Clerk and Master to report on the accounts of the executor. The depositions of the executor and one of his lawyers were taken in 1937. ▮ The record shows that the case was called for trial before the Chancellor on November 14, 1941, and a stenographic report of what occurred appears in the record which includes the evidence of several witnesses. It does not appear that this oral testimony was heard by consent or by order of the court and no bill of exceptions is filed. Under these circumstances this court cannot consider this testimony.

Code of Tennessee, Section 10622. See Gibson's Suits in Chancery Section 1213.

The report of the Clerk and Master was filed on December 17, 1941, and was excepted to by both complain-

ants and the defendant executor. Upon the hearing the Chancellor acted upon the report and exceptions, overruling some and sustaining some and entered a decree against the defendants for the sum of $1,903.23 and costs. The defendants have appealed and filed six assignments of error which will be considered together.

The defendant Hardison is a farmer and did not keep any record of his handling of the affairs of this estate other than his bank account and when his deposition was taken about ten years after he had qualified as such executor, he had no accurate recollection of just what he had received or paid out. His lawyer had transacted most of the business for him and it does not appear that he kept any records.

Sections 8189 et seq. of the Code of Tennessee, require the filing of an inventory by the personal representative, and Section 8244, et seq., provide for an accounting with an executor or administrator, and Section 8250 authorizes reasonable compensation to him.

██ We do not think that the trial Judge committed any error on failing to allow the defendant any compensation for his services. He qualified as executor of this estate in May, 1927, he filed no inventory and made no report until long after the bill in this case was filed in December, 1934, and kept no record of his transactions except his bank account. The executor has therefore not been diligent in the performance of his duties. We do not think that the fact that there was litigation about the insurance money should excuse the executor from taking possession of all the property of the estate and administering the other assets and filing his inventory and reports.

The case of Horton v. Cope decided in 1880 and reported in 74 Tenn (6 Lea), 155, on page 160 the court

said: "He is not entitled to any compensation for his services, not only because of the loss of assets, but because of his failure to make settlements as required by law." See also Pritchard on Wills, Section 790.

■ It is assigned as error that the Chancellor charged the defendant with what is referred to as the Minor note of $730.87. The record fully justifies this charge against the defendant. The decree of the court was entered in this cause on January 12, 1942, and on that same day an affidavit of a former solicitor for the defendant was filed in which it is claimed that proceeds of the Minor note have been accounted for. The explanation is not satisfactory and comes too late. This solicitor had testified in the case and had said: "I do remember something about it, but I regard Mr. Minor as being absolutely solvent and good. I am certain in my own mind that he will pay those debts to the estate, and the estate owes me as attorney and if he doesn't pay it, I will take my fee and pay it to the estate and I will take the loss myself."

■ It appears that this Minor note was for money loaned E. D. Minor by the executor without any authority of the court and in his report it is referred to as "good," and is listed in the "assets to be disbursed". It was not error to charge the executor with interest on this amount from May 5, 1937, to November 15, 1939, when the note was paid.

■ We are of the opinion that the Chancellor did not abuse his discretion in allowing interest to be charged against the defendant upon the funds that were or should have been in his hands and not distributed.

See Pritchard on Wills, Section 698.

This defendant qualified as executor of this estate on May 19, 1927, and we can find in this record no justifiable excuse for the long delay in the settlement of the estate.

From the report of the Clerk and Master and the entire record in this cause we are of the opinion the defendant has had a fair and impartial trial, and we concur with the Chancellor in his findings of facts as to each item in the accounting between these parties.

The report of the Clerk and Master and decree of the Chancellor are based upon the report of the executor and the evidence introduced by him. The complainants did not offer any proof.

The assignments of error are overruled, the decree of the Chancellor affirmed, and a judgment will be entered in favor of the complainants and against the defendants and the surety on the appeal bond for the sum of $1,903.23 and interest from January 12, 1942, and the costs of the cause.

Felts and Hickerson, JJ., concur.

Affirmed.